UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| KELLY MCGOFFNEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:24-cv-00572-JPH-MJD |
| | ) |
| JAMES R. SWEENEY, II, | ) |
| TANYA WALTON-PRATT, | ) |
| | ) |
| Defendants. | ) |

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

On January 21, 2025, the Court entered final judgment and dismissed this case because Judge Sweeney and Chief Judge Pratt are entitled to judicial immunity. Dkts. 12, 13. On February 13, Plaintiff Kelly McGoffney filed a motion for reconsideration. Dkt. [14]. The Court evaluates Ms. McGoffney's motion under Federal Rule of Civil Procedure 59(e) because she filed it within twenty-eight days of the Court's dismissal Order. *See Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 825–26 (7th Cir. 2014).

"Rule 59(e) allows a party to direct the district court's attention to newly discovered material evidence or a manifest error of law or fact, and enables the court to correct its own errors and thus avoid unnecessary appellate procedures." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996). A manifest error occurs when a district court commits a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Burritt v. Ditlefsen*, 807 F.3d 239, 253 (7th Cir. 2015). The rule is not "a vehicle for a

party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Moro*, 91 F.3d at 876. So, to prevail on her Rule 59(e) motion, Ms. McGoffney must "clearly establish" that "there is newly discovered evidence or that there has been a manifest error of law or fact." *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006).

    She has not done so. In her filing, Ms. McGoffney does not point to any newly discovered evidence. She also has not demonstrated that the Court made a manifest error of law or fact in dismissing this case as frivolous. She raises a variety of arguments, *see* dkt. 14 at 6–18, but none of them explain why Judge Sweeney would not be entitled to immunity for his decisions in Ms. McGoffney's civil rights action. She also makes no factual allegations against Chief Judge Pratt. *Id.* Finally, she argues that the Court erred by failing to issue a separate final judgment pursuant to Federal Rule of Civil Procedure 58. Dkt. 14 at 6–7. Not so. The Court issued a separate final judgment simultaneous with the dismissal Order. Dkt. 13. In sum, the Court did not make a manifest error of law or fact in dismissing Ms. McGoffney's case as frivolous. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (holding that a complaint is frivolous under § 1915 "where it lacks an arguable basis either in law or in fact").

Therefore, Ms. McGoffney's motion for reconsideration, dkt. [14], is **DENIED**. Her request to convene a three-judge panel is denied for the same reasons. This case remains closed.

**SO ORDERED.**

Date: 3/27/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

KELLY MCGOFFNEY
P.O. Box 10425
Terre Haute, IN 47801